NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued January 13, 2011
Decided February 28, 2011

*Before*

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 10-2913 | Appeal from the United States District Court for the |
| UNITED STATES OF AMERICA, | Northern District of Indiana, |
| *Plaintiff-Appellee*, | Fort Wayne Division. |
| *v.* | No. 1:09-cr-00091 |
| RICHARD L. SCHLATTER, | Theresa L. Springmann, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Richard Schlatter pled guilty to a charge of being a felon in possession of a firearm, in violation of 18 U.S.C § 922(g)(1).  In his plea agreement, Schlatter reserved the right to appeal the denial of his motion to suppress evidence.  He now exercises that right with this appeal.

We start with the facts which are based pretty much on the testimony of Indiana State Trooper Caleb Anderson, the only witness to testify at the suppression hearing.

Anderson's testimony, we note, was found to be "forthright and straightforward" by the district court.

On June 20, 2009, at approximately 1:30 a.m., Trooper Anderson spotted a car heading southbound on West Main Street in Fort Wayne, Indiana. He would later learn that the driver was Richard Schlatter. Anderson, who was in a marked squad car, used a radar gun to clock the car at 41 m.p.h. in a 30 m.p.h. zone. Anderson turned his squad car around, activated his emergency lights, and began following Schlatter. But Schlatter did not immediately stop his car. Anderson saw Schlatter (the car's sole occupant) moving around and reaching toward the middle console and passenger areas of the car, as if he was trying to hide something. Anderson then activated his siren; Schlatter continued driving.

Approaching a dark intersection at West Jefferson Boulevard and Illinois Road, with an unlit cemetery on the right, Schlatter tried to veer at the last second onto Illinois Road, but Anderson was able to angle his car so Schlatter could not make the turn. Anderson testified that the pursuit lasted for about four to six city blocks (roughly a quarter of a mile) and around 30 seconds and that Schlatter continued to make furtive movements within the car the whole time.

Anderson then exited his car and ordered Schlatter to do the same. Anderson approached the car with caution, worried that Schlatter might be armed. Schlatter got out of the car and put his hands up. Anderson—who had drawn his gun but hidden it behind his thigh so that Schlatter could not see—re-holstered his gun. Anderson then asked Schlatter why he did not stop and what he was hiding; Schlatter responded that he was not hiding anything.

Anderson then told Schlatter that for officer safety he was going to pat him down for weapons before letting him return to the car. Schlatter was not handcuffed. Anderson was the only officer at the scene and used a calm voice. Schlatter was cooperative once he exited the car, and at no time did Anderson use any force. When the pat down did not reveal any weapons or other contraband, Anderson said that for officer safety he was going to search Schlatter's car. Specifically, in anticipation of letting Schlatter back in his car, Anderson said he was going to search the area of the car where a weapon could be accessed by a driver.

At this point, Schlatter told Anderson that he had mushrooms in the car. Anderson asked if there were any needles or dangerous items in the car. Schlatter responded that there were no weapons, but that he did have Vicodin pills for which he had no prescription. Anderson then handcuffed Schlatter, as he had admitted to two felony drug charges.

As Anderson was handcuffing Schlatter, Fort Wayne Police Department Sergeant James Gephart arrived at the scene. Gephart stayed with Schlatter as Anderson searched

Schlatter's car.  Anderson saw a bag of pills on the seat and a bag containing powder in the side compartment of the driver's door.  He also found a loaded handgun and a pill bottle in the center console and a plastic baggie between the passenger seat and center console.  He removed four bags that contained what appeared to be marijuana and illegal mushrooms.

To add to his troubles, it was discovered that Schlatter had a prior felony conviction.  That information caused a federal grand jury to return a three-count indictment against Schlatter, charging him with being a felon in possession of a firearm, plus two other counts that are immaterial at this time (they were dismissed after he pled guilty to Count 1).

In denying Schlatter's motion, the district judge found that Schlatter's initial statements to Anderson were not the product of a custodial interrogation, that the statements provided probable cause for the search of the car under the automobile exception, and that the search of the car for Anderson's safety was reasonable.  For his troubles, Schlatter received a 41-month sentence.

We review the judge's denial of Schlatter's motion to suppress under a dual standard: questions of law *de novo* and findings of fact for clear error.  *United States v. Jackson*, 598 F.3d 340, 344 (7th Cir. 2010).  "The determination of probable cause is normally a mixed question of law and fact, but when 'what happened' questions are not at issue, the ultimate resolution of whether probable cause existed is a question of law, which we review *de novo*."  *United States v. Ellis*, 499 F.3d 686, 688 (7th Cir. 2007) (internal citation omitted).

Schlatter makes two arguments on appeal: (1) Anderson had no constitutional basis to search his car; and (2) his admission to Anderson that he had drugs was the product of an improper custodial interrogation.  We address each separately.

Schlatter argues that Anderson searched his car without a warrant, in violation of the Fourth Amendment.  First, it is important to note that Schlatter concedes Anderson had probable cause to make a lawful traffic stop for speeding.  The Supreme Court has held that officers can order a driver out of a vehicle for any lawful traffic stop because of the "inordinate risk confronting an officer as he approaches a person seated in an automobile."  *Maryland v. Wilson*, 519 U.S. 408, 410 (1997); *Pennsylvania v. Mimms*, 434 U.S. 106, 110 (1977).  If the officer has a reasonable suspicion that the driver is armed or may be able to gain immediate control of a weapon, he may conduct a pat down search of the driver, *United States v. Shoals*, 478 F.3d 850, 853 (7th Cir. 2007), and a search of the passenger compartment for any accessible weapons, *Michigan v. Long*, 463 U.S. 1032, 1049-50 (1983).  In assessing the reasonableness of any search, the court balances the degree of intrusion against the government's justification for the search.  *See United States v. Knights*, 534 U.S. 112, 118-119 (2001).

In this case, Anderson had reasonable suspicion to search the car. Schlatter was speeding at 1:30 a.m. in a dark part of the city. When Anderson turned on his lights and siren, Schlatter continued driving. He was moving around suspiciously in the driver's seat, leaning across and making motions that were reasonably consistent with hiding contraband or retrieving a weapon. Schlatter also did not stop his car until Anderson blocked his path. Given these facts, this case is not a close call. These specific factors amount to more than a reasonable suspicion that Schlatter was hiding contraband either on his person or in the car. *See United States v. Fryer*, 974 F.2d 813, 819 (7th Cir. 1992) (officer must have "specific, articulable facts which, in combination with inferences to be drawn from those facts, reasonably warrant the intrusion"). Therefore, the judge correctly found that it was reasonable for Anderson to search both Schlatter's person and the passenger compartment of the car to ensure officer safety following the traffic stop.

Furthermore, Anderson specifically told Schlatter that he was first going to search his person and then the car for officer safety, and at that point, Schlatter admitted that he had illegal drugs in the car. The government argues, and the judge agreed, that once Schlatter admitted he had drugs in the car, Anderson could search the vehicle under the automobile exception to the warrant requirement. Under the automobile exception, a car may be searched without a warrant if there is probable cause to believe that it contains contraband or evidence. *Carroll v. United States*, 267 U.S. 132, 149, 153-56 (1925). We agree with the judge—Anderson unquestionably had probable cause to believe that the car contained illegal drugs. Schlatter admitted that it did. Thus, the automobile exception applies.

Schlatter also argues that the judge should have granted his motion to suppress the statements he made to Anderson because at the time they were made he was subject to a full custodial interrogation and had not been read his *Miranda* rights. The government argues that Schlatter was merely subject to a traffic violation stop, and individuals temporarily detained pursuant to an ordinary traffic stop are not in custody for the purposes of *Miranda*. *See Berkemer v. McCarty*, 468 U.S. 420, 440 (1984). The Supreme Court was clear in *Berkemer*—ordinary traffic stops are not custodial interrogations. *Id*. at 437. Traffic stops are presumptively temporary and brief, conducted in public, and involve one to two officers, unlike interrogations requiring *Miranda* rights.

We have previously held that a defendant who was questioned in the back of a patrol car about drugs and a weapon found during the search of a car was not in custody for *Miranda* purposes. *United States v. Murray*, 89 F.3d 459, 462 (7th Cir. 1996). The facts here are even more favorable to the government: (1) Schlatter was not under arrest when he told Anderson there were mushrooms and Vicodin pills in the car; (2) Anderson was the only officer present; (3)Anderson's gun was holstered once Schlatter exited his car with his hands up, and even when it was out, Schlatter could not see it; (4) Anderson used a calm

voice and told Schlatter that he was only checking the car for safety before pursuing the traffic violation; (5) the stop was conducted on a public street; (6) Anderson did not place Schlatter in handcuffs until after he admitted the drugs were in the car; and (7) at no point was Schlatter's movement curtailed to the degree associated with a formal arrest.

Given these facts, a reasonable person would not have considered the brief questioning at the scene of the traffic stop to be a custodial interrogation. There was no basis to suppress Schlatter's statements. And once Schlatter made the statements, Anderson was free to search the car under the automobile exception, and at all times, for officer safety.

For these reasons, the judgment of the district court is AFFIRMED.